BEFORE THE FIRST DIVISION, SEPTEMBER 3, 1959

No. 63321.—American Customs Brokg. Co. for acct. of Asiatic Trading Co., Ltd. v. United States, protest 305837–K (Honolulu).

OLIVER, Chief Judge:   This protest relates to merchandise that is described on the invoice as "500 dozen Shooters" and consists of toy pistols, measuring about 2¼ inches in length by 2½ inches in width, which use candy pellets as "ammunition."   At the time of importation, a supply of candy pellets was contained in the magazine compartment of each pistol.   The pistols were classified as toys, not specially provided for, under paragraph 1513 of the Tariff Act of 1930, as modified by T.D. 52739, supplemented by T.D. 52820, carrying a duty assessment of 35 per centum ad valorem, and the candy pellets were classified as confectionery, valued at 6 cents or more per pound, under paragraph 506 of the Tariff Act of 1930, as modified by T.D. 51802, with a duty assessment of 14 per

centum ad valorem. In addition to the individual assessments, the collector regarded the pistols as unusual containers for candy and assessed additional duties under the provisions of section 504 of the Tariff Act of 1930, which reads as follows:

SEC. 504. COVERINGS AND CONTAINERS.

If there shall be used for covering or holding imported merchandise, whether dutiable or free of duty, any unusual material, article, or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duties shall be levied upon such material, article, or form at the rate or rates to which the same would be subjected if separately imported.

Plaintiff's principal claim, as alleged in its protest, is that:

DUTY WAS ILLEGALLY ASSESSED UNDER THE PROVISIONS OF SECTION 504 RELATING TO UNUSUAL CONTAINERS, AND SHOULD BE REFUNDED.

Substantially the same, or the identical, language of section 504, *supra*, has been embodied in several prior tariff acts (i.e., section 7 of the Tariff Act of 1883; section 19 of the Tariff Act of 1890; section 28 of the Tariff Act of 1909; paragraph R of section III of the Tariff Act of 1913; and section 503 of the Tariff Act of 1922) and was judicially construed in *United States* v. *Yamamoto & Co.*, 10 Ct. Cust. Appls. 70, T.D. 38338. The cited case arose under the Tariff Act of 1913, and, in referring to statutory language, identical with section 504, *supra*, our appellate court stated as follows:

The manifest purpose of section 7 of the act of 1883, of section 19 of the act of 1890, of section 28 of the act of 1909, and of paragraph R of Section III of the present act, was to penalize not merchandise used as coverings or containers and *imported as merchandise*, but merchandise which was imported and sought to be introduced into the country not as merchandise but as coverings or containers. (See sec. 14, act of June 22, 1874.) In other words, these several enactments were aimed not at merchandise avowedly imported as such, but at merchandise masquerading as coverings or containers. * * * [Italics quoted.]

Under the foregoing judicial interpretation, the article in question is not an unusual container of merchandise as contemplated by section 504, *supra*. The toy pistol involved herein is constructed and designed for use with tiny, colored, candy pellets. The "LETTERS PATENT" (plaintiff's exhibit 3) identify the article as a "CANDY SHOOTING TOY DEVICE" and state that the "primary object" of the invention is "to provide entertainment and amusement for children by providing a toy gun that simulates the action of a conventional pistol." From an examination of the samples in evidence (plaintiff's collective exhibit 1), it appears that these toy pistols consist of a transparent plastic housing that forms a hand grip, a tubular barrel protruding from the housing, a magazine compartment to hold the candy pellets, and a trigger mechanism to propel the pellets from the barrel. Plaintiff's witness, the president of the importing corporation, described the operation of the pistol as follows (R 7):

The butt of the pistol is filled with the candy pellets, and by inverting the pistol, the candy flows into an upper channel, and from the channel it feeds into the barrel of the gun, and as the trigger is depressed back, it shoots the pellet out.

These toy pistols are candy shooters. They are always imported and sold with a quantity of candy pellets in the magazine compartment. Their sole use is to project or propel the tiny candy pellets, which are specifically made for use in these toys. They are not unusual coverings or containers for merchandise, within the provisions of section 504, *supra*, as construed in the *Yamamoto* case,

*supra*, and are not subject to the additional duties imposed under said section 504, as assessed by the collector.

The present case is distinguishable from *Adams-Flanigan Co.* v. *United States*, 57 Treas. Dec. 657, T.D. 43986, and *Young's Market et al.* v. *United States*, 56 Treas. Dec. 937, Abstract 10389, cited in plaintiff's brief. In the *Adams-Flanigan Co.* case, the merchandise consisted of small wooden wagons and toy automobile trucks, each of which was filled with three embroidered cotton handkerchiefs. The court found that the wagons and automobile trucks were "certainly unnecessary for use in the bona fide transportation of the handkerchiefs" and that their chief use was "for the purpose of enhancing the sale of the handkerchiefs." In the *Young's Market et al.* case, the merchandise was described as "Coverings of biscuits invoiced as 'Motor Van Tins Kindergarten,'" which, as shown by the record in the case, were containers "designed for use otherwise than in the bona fide transportation of biscuits." In both cases, the court sustained the action of the collector, assessing additional duties under the provision for unusual containers of merchandise in section 503 of the Tariff Act of 1922. In this case, the toy pistol or candy shooter is a merchantable article of commerce. In fact, it is the imported merchandise. As aptly stated in *Donalds Ltd., Inc.* v. *United States*, 32 Cust. Ct. 310, C.D. 1619, in discussing the provisions of section 504, *supra*, "an article cannot be at the same time both the merchandise which is being imported and the container for the merchandise which is being imported."

The question of entireties is also before us. Although plaintiff's protest does not include such a claim, counsel, at the opening of the trial, stated that plaintiff contends, as an alternative claim, "that the whole item, the pistol with the pellets in it, is an entirety, and is dutiable at 35 percent only." (R. 3–4.) Defendant also suggests classification of the merchandise as an entirety, as Government counsel, in his brief, states as follows:

Without abandoning the collector's classification, it is submitted that if any error was made on the collector's part, it was in not assessing the merchandise herein, Exhibit 1, as an entirety.

The claim for classification as an entirety, as proposed by both parties, has some merit. The record herein emphasizes that the merchandise under consideration is a separate commercial entity. The article is invoiced as a shooter; it is concededly a candy shooting toy device. Plaintiff's witness recognized it as a toy pistol with colored candy pellets, and, in the course of cross-examination, he admitted that it is never sold without the candy being in the pistol. The toy pistol, with the candy pellets, is comparable with the mechanical pencil, containing one piece of lead in the mechanism ready for writing, and no magazine or chamber for refill leads, which was the subject of decision in *S. S. Kresge Co. et al.* v. *United States*, 69 Treas. Dec. 917, T.D. 48328, cited in defendant's brief. In connection therewith, the court stated as follows:

It thus appears that a mechanical pencil with a lead in the mechanism only, and without extra refill leads, is considered a complete entity. Without the lead in the mechanism the pencil would be useless, but with it, according to the record, it becomes a complete article of commerce, while extra refill leads are additions to what the record shows to be an already complete article.

The same can be said with respect to the candy shooter in question. This toy pistol, with the supply of pellets contained in the magazine compartment at the time of importation, is a complete entity, and sold as such. Without the candy pellets, the pistol is useless; with the candy, it is a complete article of commerce, i.e., a candy shooting toy. The merchandise is an entirety, properly classifiable as a toy, not specially provided for, and dutiable at the rate of 35 per centum ad valorem under paragraph 1513, as modified, *supra*. The con-

clusion does not, of course, include the refills (plaintiff's collective exhibit 2), consisting of small plastic bags filled with colored candy pellets. The refills are bought and sold separately and are used to replenish the original quantity of pellets after they have been consumed. They are individual commercial entities, classifiable as confectionery, as assessed by the collector.

The protest is sustained and judgment will be rendered directing reliquidation of the entry to refund the additional duties assessed under the provisions of section 504, *supra*.